UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DR. ANNE THOMAS,

                            Plaintiff,

                -against-                              23-cv-08821-AT

VNS HEALTH,

                            Defendant.

-------------------------------------------------------------------X

DEFENDANT VISITING NURSE SERVICE OF NEW YORK HOME CARE D/B/A VNS HEALTH HOME CARE MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

                                                                     FLORENTINO & GRIMSHAW LLC
                                                                     Kristina Grimshaw
                                                                     Caroline Secola
                                                                     800 Westchester Ave
                                                                     Suite N-641
                                                                     Rye Brook, NY 10573

                                                                     Attorneys for Defendant Visiting
                                                                     Nurse Service of New York Home
                                                                     Care d/b/a VNS Health Home Care

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................................... 2

**TABLE OF AUTHORITIES** ............................................................................................... 3

**STATEMENT OF RELEVANT FACTS**............................................................................. 6

**APPLICABLE LEGAL STANDARD** ................................................................................ 7

**ARGUMENT**........................................................................................................................ 8

  **I.   PLAINTIFF'S CLAIMS OF AGE DISCRIMINATION ARE LEGALLY
       INSUFFICIENT** ........................................................................................................ 8

       A. Plaintiff's Complaint Falls Markedly Short of Alleging Any Inference of
          Discrimination Under the ADEA ............................................................................ 8

       B. Plaintiff Does Not Plausibly Allege Age Discrimination in Violation of the
          NYSHRL. ............................................................................................................... 14

       C. Plaintiff's Claim of Age Discrimination in Violation of the NYCHRL is Not
          Plausibly Pled ........................................................................................................ 15

  **II.  THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
       JURISDICTION OVER THE STATE LAW CLAIMS** ................................................ 16

**CONCLUSION** ................................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 8, 11

*Beshty v. Gen. Motors*, 327 F. Supp. 2d 208 (W.D.N.Y. 2004), *aff'd*, 144 F. App'x 196 (2d Cir. 2005) .............................................................................................................................. 13

*Blumstein-Torrella v. N.Y.C. Dep't of Educ.*, No. 19-CV-3492 (ALC), 2023 WL 5097873 (S.D.N.Y. Aug. 9, 2023) ...................................................................................................... 15

*Bueno v. Eurostars Hotel Co., S.L.*, 21-CV-535 (JGK), 2022 WL 95026 (S.D.N.Y. Jan. 10, 2022) ............................................................................................................................................. 16

*Carter v. Verizon*, No. 13-CV-7579 (KPF), 2015 WL 247344 (S.D.N.Y. Jan. 20, 2015) ......... 8, 16

*Cocca-Rau v. Standard Ins. Co.*, No. 19-CV-06149 (PMH), 2020 WL 4207442 (S.D.N.Y. July 22, 2020) .............................................................................................................................. 14

*Comcast Corporation v. National Association of African American-Owned Media*, 140 S.Ct. 1009 (2020) ........................................................................................................................... 9

*Cruz v. N.Y.C.*, 21-CV-1999 (DLC), 2021 WL 5605139 (S.D.N.Y. Nov. 30, 2021) ............... 9, 14

*Dale v. L'Oreal USA, Inc.*, 22-CV-00427 (HG) (LB), 2023 WL 3984345 (E.D.N.Y. June 13, 2023) ...................................................................................................................................... 9

*Desrosiers v. Summit Sec. Servs., Inc.*, No. 21-CV-10941 (JPO), 2022 WL 13808524 (S.D.N.Y. Oct. 21, 2022) .................................................................................................................. 12, 14

*Dolac v. Cnty. of Erie*, No. 20-2044-CV, 2021 WL 5267722 (2d Cir. Nov. 12, 2021) ........... 9, 14

*Doolittle v. Bloomberg L.P., et al.*, No. 22-CV-09136 (JLR), 2023 WL 715718 (S.D.N.Y. Oct. 31, 2023) ........................................................................................................... 9, 10, 13, 14, 15

*Flanagan v. Girl Scouts of Suffolk Cnty.*, No. 21-CV-7153 (KAM) (ARL), 2023 WL 6594885 (E.D.N.Y. Aug. 25, 2023) *report and recommendation adopted as modified*, 2023 WL 6307362 (E.D.N.Y. Sept. 28, 2023) ..................................................................................... 11

*Gertskis v. N.Y.C. Dep't. of Health & Mental Hygiene*, No. 07-CV-2235 (TPG), 2008 WL 4449285 (S.D.N.Y. Sept. 29, 2008) ..................................................................................... 11

*Green v. East Haven*, 952 F.3d 394 (2d Cir. 2020) ..................................................................... 9

*Gross v. FBL Fin. Servs.*, 557 U.S. 167 (2009) ............................................................................. 9

*Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134 (2d Cir. 2010) ...................................................... 10

*Lively v. WAFRA Inv. Advisory Grp.*, 6 F. 4th 293 (2d Cir. 2021) ....................................9, 11, 12

*Luangpakdy v. Altra Indus. Motion Corp.*, 18-CV-843JLS(F), 2021 WL 6424639 (W.D.N.Y. Oct. 29, 2021)................................................................................................................................ 17

*Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29 (2d Cir. 2016) ............................................. 14

*Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431 (S.D.N.Y. 2015) ................ 10, 12

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,* 715 F.3d 102 (2d Cir. 2013) ....................... 15

*Rightnour v. Tiffany & Co.*, 354 F. Supp. 3d 511 (S.D.N.Y. 2019) ............................................. 13

*Rolan v. Henneman*, 517 F.3d 140 (2d Cir. 2008)......................................................................... 8

*Shankar v. Accenture LLP*, No. 21-CV-3045 (PAE) (OTW), 2023 WL 2908660 (S.D.N.Y. Feb. 14, 2023)................................................................................................................................ 14, 15

*Spires v. MetLife Grp., Inc.*, No. 18-CV-4464 (RA), 2019 WL 4464393 (S.D.N.Y. Sept. 18, 2019) ........................................................................................................................................ 10, 16

*Williams v. Victoria's Secret,* No. 15-CV-4715 (PGG)(JLC), 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017)........................................................................................................................ 12, 15, 16

*Williams v. Victoria's Secret*, No. 15-CV-4715 (PGG) (JLC), 2017 WL 384787 (S.D.N.Y. Jan. 27, 2017) *report and recommendation adopted*, 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017) ..................................................................................................................................................11

**Statutes**

28 U.S.C. § 1367(c)(3)................................................................................................................. 17

29 U.S.C. § 621 *et seq.*................................................................................................................. 5

42 U.S.C. § 1981 ............................................................................................................................ 9

N.Y. EXEC. LAW § 290 *et seq.* ...................................................................................................... 5

N.Y.C. ADMIN. CODE § 8-101, *et seq.* ........................................................................................... 5

**Rules**

FED. R. CIV. P. 12(b)(6) ............................................................................................................. 5, 7

## PRELIMINARY STATEMENT

In the instant action, Plaintiff Dr. Anne Thomas ("Plaintiff" or "Dr. Thomas"), a former psychiatrist for the Assertive Community Treatment ("ACT") Team within the Behavioral Health Program at VNS Health, brings a Complaint (the "Complaint" or "Compl.") against Visiting Nurse Service of New York Home Care d/b/a VNS Health Home Care ("VNS Health"), incorrectly captioned as VNS Health, for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, as well as age and disability discrimination and retaliation on the basis of disability under the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. ADMIN. CODE § 8-101, *et seq.*[1] Defendant VNS Health, by and through its attorneys, Florentino & Grimshaw LLC, submits this Memorandum of Law in support of its Partial Motion to Dismiss Plaintiff's claims of age discrimination under federal, state, and local law.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant respectfully submits that this Court should dismiss Plaintiff's age discrimination claims against VNS Health, with prejudice, for failing to plausibly allege that VNS Health discriminated against her on the basis of age in violation of the ADEA, NYSHRL, and the NYCHRL.

---

[1] Plaintiff's Complaint also sets forth claims of retaliation in violation of the ADEA as well as age-based retaliation under the NYSHRL and NYCHRL (the second cause of action, as well as the portions of causes four and six to the extent they are brought on a theory of age-based retaliation). As noted in our pre-motion letter (ECF No. 14), in response to VNS Health's October 30, 2023, letter in which VNS Health asserted it would move to dismiss the age discrimination and age-based retaliation claims, Plaintiff's counsel withdrew Plaintiff's age-based retaliation claims. Plaintiff did not dispute that she was withdrawing these claims in her November 23, 2023, pre-motion letter to the Court (ECF No. 17). As such, VNS Health has relied on Plaintiff's counsel's asserted withdrawal in drafting this motion. Therefore, Plaintiff's claim of ADEA retaliation, and claims for retaliation on the basis of age under state and local law are not addressed by this motion as they have been withdrawn.

Plaintiff asserts mere labels and conclusions and relies on speculation throughout her Complaint in an attempt to connect an innocuous statement made years before her separation and a statement Plaintiff made herself with a discriminatory motive on the part of VNS Health. Left only with the allegations that she was the oldest person on her team and allegedly replaced by two "substantially younger and less qualified" individuals, Plaintiff fails to plausibly allege that her age was the "but-for" cause of her termination, which is fatal to her age discrimination claim under the ADEA and the NYSHRL. Further, Plaintiff's claim of age discrimination must also fail under the NYCHRL. Plaintiff fails to plausibly allege any facts that support that her termination was motivated by her age or that she was treated less well because of a discriminatory animus. While courts must view claims under the NYCHRL independently from and more liberally than under federal and state laws, the NYCHRL is not a general civility code and Plaintiff's failure to plead any inference of discriminatory intent through any comments from or disparate treatment by VNS Health is fatal to her claim of age discrimination under the NYCHRL.

## STATEMENT OF RELEVANT FACTS[2]

Plaintiff was employed by VNS Health as a psychiatrist on the ACT Team from 2016 until September 23, 2022, when she alleges VNS Health terminated her employment. (Compl. ¶¶ 21, 22, and 66). The factual allegations related to Plaintiff's claims of age discrimination encompass merely ten paragraphs. (Compl. ¶¶ 56–65). Specifically, Plaintiff alleges that in or around 2019, Collette Hendricks ("Ms. Hendricks"), a Registered Nurse at VNS Health, stated that Ms. Jessica Aitken ("Ms. Aitken"), Associate Director of Behavioral Health Programs, was having problems

---

[2] The following factual allegations are taken from the Complaint (ECF No. 1) and are assumed to be true only for the purposes of this Motion. VNS Health expressly reserves the right to contest any such allegations in this or any further proceeding. Given that this is a partial motion to dismiss, VNS Health has provided only such facts as are relevant to the instant motion.

getting along with the doctors. (Compl. ¶ 57). Plaintiff alleges that Ms. Aitken is in her 30s and that the doctors at VNS are older than Ms. Aitken. (Compl. ¶ 59). Ms. Hendricks allegedly told Plaintiff that Ms. Aitken had referred to the other older physicians as "bloodsuckers". (Compl. ¶ 58). Dr. Thomas allegedly interpreted this to mean that Ms. Aitken disliked working with older employees and favored younger employees, given that Ms. Aitken was younger than the doctors. (Compl. ¶¶ 59–60). The Complaint provides no other explanation or allegations as to how the stray "bloodsuckers" remark about the physicians could lead to an inference of discriminatory animus.

Plaintiff further alleges that in June of 2022, Dr. Jovita Crasta ("Dr. Crasta"), whom Plaintiff refers to as the "Medical Director, Outpatient Psychiatry" (Compl. ¶ 24), emailed Dr. Caroline Williams ("Dr. Williams") and Ms. Aitken, stating that Dr. Thomas reported that she (Dr. Thomas) "was too old to go out [in the field] anymore." (Compl. ¶ 61 (brackets in Compl.)). Plaintiff's only other allegations relating to her age claims are that, at 73 years old, she was the oldest person on her team and that her role was allegedly filled by two nurse practitioners who were "substantially younger and less qualified". (Compl. ¶¶ 63–65).

## APPLICABLE LEGAL STANDARD

Rule 12(b)(6) provides for the dismissal of a cause of action if a plaintiff's complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation;" a claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, factual allegations must consist of more than mere labels,

conclusions, or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In assessing whether a complaint states a plausible claim for relief, the Supreme Court has suggested a "two-pronged approach." *Iqbal*, 556 U.S. at 678. First, the court must review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 664; *see also Carter v. Verizon*, No. 13-CV-7579 (KPF), 2015 WL 247344, at *4 (S.D.N.Y. Jan. 20, 2015) ("A court is not bound to accept 'conclusory allegations or legal conclusions masquerading as factual conclusions.'" (quoting *Rolan v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008))). Second, the court considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, plausibly give rise to an entitlement to relief. *Iqbal,* 556 U.S. at 664. Making a plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663–64. A complaint that only "pleads facts that are merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* at 678. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ARGUMENT
## POINT I
**PLAINTIFF'S CLAIMS OF AGE DISCRIMINATION ARE LEGALLY INSUFFICIENT**

A. Plaintiff's Complaint Falls Markedly
   Short of Alleging Any Inference of Discrimination Under the ADEA

Plaintiff's claim of age discrimination under the ADEA must fail because she has offered no facts in her Complaint that support an inference that VNS Health's decision to terminate her employment was motivated by her age. To establish a *prima facie* case of age discrimination, a plaintiff "must show (1) that she was within the protected age group, (2) that she was qualified for

the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Doolittle v. Bloomberg L.P., et al.*, No. 22-CV-09136 (JLR), 2023 WL 715718, at *3 (S.D.N.Y. Oct. 31, 2023) (quoting *Green v. East Haven*, 952 F.3d 394, 403 (2d Cir. 2020)). For the purposes of this motion, VNS Health only challenges this fourth element, as the Complaint does not plausibly allege that the decision to separate Dr. Thomas was due to any age-based motive or discriminatory intent.

It is well-settled that to prevail on a claim of age discrimination under the ADEA, a plaintiff cannot simply show that age was a "motivating factor". *Lively v. WAFRA Inv. Advisory Grp.*, 6 F. 4th 293, 302–03 (2d Cir. 2021) (citing *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 174 (2009)). Rather, a plaintiff must demonstrate that age was "the reason" an employer decided to act, and the "but-for cause of the employer's adverse decision." *Id.* at 303.

In *Comcast Corporation v. National Association of African American-Owned Media*, 140 S.Ct. 1009, 1014 (2020), the Supreme Court concluded that the "but-for causation standard" applied to the pleading stage as well as at trial, noting that "to determine what the plaintiff must plausibly allege at the outset of a lawsuit, we usually ask what the plaintiff must prove in the trial at its end." While *Comcast* involved a claim under 42 U.S.C. § 1981, the Court's holding was not limited to that context. *See Lively*, 6 F. 4th at 303 n.4. Indeed, courts in this Circuit have now expressly adopted this holding to apply to pleadings alleging age discrimination in violation of the ADEA. *Id.* at 303; *see also Dolac v. Cnty. of Erie*, No. 20-2044-CV, 2021 WL 5267722, at *3 (2d Cir. Nov. 12, 2021); *Dale v. L'Oreal USA, Inc.*, 22-CV-00427 (HG) (LB), 2023 WL 3984345, at *4 (E.D.N.Y. June 13, 2023); *Cruz v. N.Y.C.*, 21-CV-1999 (DLC), 2021 WL 5605139, at *8 (S.D.N.Y. Nov. 30, 2021). "Thus, to defeat a motion to dismiss . . ., an ADEA plaintiff must plausibly allege that he would not have been terminated but for his age." *Lively*, 6 F. 4th at 303.

In her pre-motion letter (ECF No. 17), Plaintiff has tried to argue that "but-for" causation is not the appropriate standard at the pleading stage. However, "Plaintiff relies on cases that predate the Second Circuit's recent distinction between decisions in the Title VII context applying a more lenient standard at the pleading stage . . . and decisions in the ADEA context." *Doolittle*, 2023 WL 7151718, at *6 (internal quotations omitted).

Dr. Thomas does not plausibly allege anything that would lead to an inference of discriminatory animus based on age, let alone that age would be the "but-for" cause of her separation from employment. Dr. Thomas admits that she was well within the protected class at approximately age sixty-six when she was hired by VNS Health (Pl.'s Compl. ¶¶ 21, 63), a fact which undermines any discriminatory inference. *Spires v. MetLife Grp., Inc.*, No. 18-CV-4464 (RA), 2019 WL 4464393, at *8 (S.D.N.Y. Sept. 18, 2019) (claim for age discrimination substantially weakened when plaintiff was already within the protected class when hired). Additionally, Dr. Thomas does not allege any statements made by a decision-maker regarding her age or any statements implying age-based animus. The only statements Dr. Thomas references in the Complaint are either stray remarks completely devoid of any connection to age, or statements Dr. Thomas made about her own inability to perform her role because she, herself, felt she was too old to perform the role's essential functions.

When examining a remark to determine if it is "probative of discriminatory intent", courts in this circuit look at who made the remark, when the remark was made in relation to the employment decision at issue, the content of the remark, and the context of the remark (i.e., whether it was related to the decision-making process). *Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 438 (S.D.N.Y. 2015) (citing *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149–50 (2d Cir. 2010)). "Stray age-related remarks are insufficient to raise an inference of

discriminatory motive unless they (1) were made repeatedly, (2) drew a direct link between discriminatory stereotypes and the adverse employment decision, and (3) were made by supervisors who played a substantial role in the decision to terminate." *Lively*, 6 F. 4th at 306 (internal quotations and alterations omitted).

The Complaint alleges that "[i]n or around 2019", VNS Health employee Jessica Aitken stated that certain physicians were "bloodsuckers", and that Ms. Aitken is younger than Dr. Thomas and the other VNS Health doctors. (Compl. ¶¶ 58–59). This singular alleged statement, which Dr. Thomas does not claim Ms. Aitken made either to or in front of her, is not discriminatory on its face as it contains no reference to age and no age-based meaning. *Cf. Gertskis v. N.Y.C. Dep't. of Health & Mental Hygiene*, No. 07-CV-2235 (TPG), 2008 WL 4449285, at *1 (S.D.N.Y. Sept. 29, 2008) ("The allegation of what was said by another employee as to discrimination by Wright—an unsubstantiated, double-hearsay accusation—does not suffice to create a 'plausible inference' of discriminatory intent."). The Complaint alleges Plaintiff *interpreted* this comment to mean that Ms. Aitken disliked working with older employees and favored younger employees given the age difference between Ms. Aitken and the physicians. (Compl. ¶ 60). However, merely labeling the comment as having a discriminatory intent does not make it so. *Twombly*, 550 U.S. at 555; *see Williams v. Victoria's Secret*, No. 15-CV-4715 (PGG) (JLC), 2017 WL 384787, at *10 (S.D.N.Y. Jan. 27, 2017) (plaintiff's "theory about Inron's intent is simply a conclusory statement, which the Court need not accept as true for purposes of a motion to dismiss"), *report and recommendation adopted*, 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017); *see also Flanagan v. Girl Scouts of Suffolk Cnty.*, No. 21-CV-7153 (KAM) (ARL), 2023 WL 6594885, at *11–12 (E.D.N.Y. Aug. 25, 2023) (noting that "plaintiff's 'subjective interpretation' of defendants' use of 'critical but facially non-discriminatory terms does not, itself, reveal discriminatory animus'" and finding

11

that "[b]eyond Plaintiff's subjective beliefs, the record is devoid of evidence that [plaintiff] was the subject of discrimination because of his race"), *report and recommendation adopted as modified*, 2023 WL 6307362 (E.D.N.Y. Sept. 28, 2023).

In *Williams v. Victoria's Secret*, No. 15-CV-4715 (PGG)(JLC), 2017 WL 1162908, at *2, 8–9 (S.D.N.Y. Mar. 28, 2017), the Court found that the 36-year-old manager's comments that the manager himself was "almost 40", was "getting old", and that the workforce was "dominated by 20-29 year old individuals" were stray remarks that did not raise an inference of discriminatory motivation under federal, state, and local law. The comments in *Williams* were far more closely tied to age than the alleged "bloodsuckers" comment purportedly made here. Nonetheless, as *Williams* illustrates, it is simply not plausible to infer that a facially non-discriminatory comment has a hidden discriminatory motive simply because the speaker may be younger than those whom the comment is about. *See Desrosiers v. Summit Sec. Servs., Inc.*, No. 21-CV-10941 (JPO), 2022 WL 13808524, at *6 (S.D.N.Y. Oct. 21, 2022) (claim that supervisor directed plaintiff to "give a difficult time" to older employees was not detailed enough to support an inference of discrimination under federal, state, and local law).

That this statement was allegedly made in 2019, three years prior to Dr. Thomas' separation from employment, and not at all in connection with the decision to terminate Dr. Thomas' employment further demonstrates that this comment is no more than a stray remark, completely unrelated to Dr. Thomas' termination and any claim of age discrimination. *See Mesias*, 106 F. Supp. 3d at 438 (comments made more than a year and a half and more than three months before termination insufficiently connected to termination); *see also Lively*, 6 F. 4th at 299, 306–07 (comments by supervisor about plaintiff being "too old" and needing to replace older workers

made ten and five months, respectively, before termination do not draw a "direct link" between age and termination for purposes of a motion to dismiss).

Additionally, the Complaint states that in June 2022, Dr. Crasta emailed Dr. Williams and Ms. Aitken detailing that *Dr. Thomas reported* she was "too old to go out [in the field] anymore." (Compl. ¶ 61) (brackets in Compl.). It bears emphasizing that Dr. Thomas made this statement about herself regarding her age and her own perception of her ability to go into the field; it was not an assessment made by anyone at VNS Health. Though Plaintiff has tried to categorize this communication as "mocking" Plaintiff (ECF No. 17), that is factually inaccurate and, importantly, an allegation that is absent from the text of the Complaint. Rather, Dr. Crasta was simply reporting on a conversation in which Plaintiff herself commented on her own age—a fact which is woefully insufficient to support any inference of discriminatory animus on the part of VNS Health. *Cf. Rightnour v. Tiffany & Co.*, 354 F. Supp. 3d 511, 525 (S.D.N.Y. 2019) (employer's inclusion in a warning of plaintiff's comment to her direct report that "your people killed Jesus" was an example of an inappropriate and offensive comment plaintiff made and did not give rise to an inference of discriminatory animus against plaintiff based on religion); *Beshty v. Gen. Motors*, 327 F. Supp. 2d 208, 218 (W.D.N.Y. 2004), *aff'd*, 144 F. App'x 196 (2d Cir. 2005) (no evidence of age bias where plaintiff himself expressed that he believed his age was an impediment to forming solid relationships with his subordinates).

Dr. Thomas is therefore left only with the allegations that (1) she was the oldest person on her team (Compl. ¶ 63) and (2) she was allegedly replaced by two nurse practitioners who she categorizes as "substantially younger and less qualified" (Compl. ¶ 65). Simply alleging that Plaintiff was the oldest member of the team does not suggest that a decision was made based on her age. *See Doolittle*, 2023 WL 7151718, at *6. Additionally, "[w]ithout more, the mere fact

13

that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive." *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 32–33 (2d Cir. 2016) (dismissing age claim where plaintiff alleged that defendant sought to replace plaintiff with someone less experienced and that, on information and belief, plaintiff was replaced by a younger employee, but did not specify the new employee's age); *see also Dolac*, 2021 WL 5267722, at *3 (replacement of an older worker with a younger worker does not, itself, prove age discrimination); *Cocca-Rau v. Standard Ins. Co.*, No. 19-CV-06149 (PMH), 2020 WL 4207442, at *8 (S.D.N.Y. July 22, 2020) (allegation that "plaintiff was replaced by much younger worker or workers" was insufficient to demonstrate "but-for" causation on a motion to dismiss as the court could not ascertain whether or not the employees were in plaintiff's protected class of over 40-years old). As such, Plaintiff has fallen significantly short of her obligation to plead a plausible claim of discrimination under the ADEA and her ADEA claim should be dismissed with prejudice.

B. Plaintiff Does Not Plausibly Allege Age Discrimination in Violation of the NYSHRL

Plaintiff's claim of age discrimination under the NYSHRL also must fail because Plaintiff alleged no facts that would support an inference that VNS Health's decision to terminate her employment was motivated by Plaintiff's age. Courts in this district have analyzed claims of age discrimination under the NYSHRL using the same standard used for claims under the ADEA. *See Shankar v. Accenture LLP*, No. 21-CV-3045 (PAE) (OTW), 2023 WL 2908660, at *3 (S.D.N.Y. Feb. 14, 2023); *Desrosiers*, 2022 WL 13808524, at *7 (noting that claims under both the ADEA and the NYSHRL are generally treated as analytically identical, and addressed together); *Cruz*, 2021 WL 5605139, at *8 ("The standards for age discrimination claims under the NYSHRL overlap with those of the ADEA"). *But see Doolittle*, 2023 WL 715718, at *7 (finding no *prima facie* case of age discrimination under NYSHRL and NYCHRL under a more lenient standard).

VNS Health respectfully submits that the claim of age discrimination under the NYSHRL should be analyzed under the same standard as claims under the ADEA and, as such, Plaintiff's claims of age discrimination under the NYSHRL must fail for the same reasons discussed above. *See supra* at Point I(A).

C. Plaintiff's Claim of Age Discrimination in Violation of the NYCHRL is Not Plausibly Pled

"[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims" and "constru[e] the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,* 715 F.3d 102, 109 (2d Cir. 2013). To prevail, a plaintiff need only show that they were treated "less well" at least in part because of a discriminatory motive. *See id.* at 110. However, the NYCHRL is not a general civility code and petty slights or trivial inconveniences are not actionable. *See id.* at 113. Ultimately, even under the NYCHRL's more lenient standard, Plaintiff is still required to allege facts that give rise to an inference of discrimination based on age. *See Shankar*, 2023 WL 2908660, at *3; *see also Doolittle*, 2023 WL 715718, at *7; *Williams*, 2017 WL 1162908, at *8–9.[3]

As discussed above, Plaintiff fails to allege any facts that give rise to such an inference, but rather draws unsupported and illogical conclusions from facially non-discriminatory statements. *See Blumstein-Torrella v. N.Y.C. Dep't of Educ.*, No. 19-CV-3492 (ALC), 2023 WL 5097873, at *6 (S.D.N.Y. Aug. 9, 2023) (allegations that plaintiff was 47 years old and that a comment was made that plaintiff was "a financial burden to her school due to her high salary" were insufficient to support a claim of age discrimination under the NYSHRL and NYCHRL);

---

[3] If the Court analyzes Plaintiff's NYSHRL claims under the NYCHRL's more liberal standard, Plaintiff's NYSHRL claims must also fail for the same reasons outlined in this section.

*Bueno v. Eurostars Hotel Co., S.L.*, 21-CV-535 (JGK), 2022 WL 95026, at *10 (S.D.N.Y. Jan. 10, 2022) (plaintiff's allegation that her termination was based on age because she underwent IVF, which plaintiff argued was more likely to be required for "older women", was insufficient to raise an inference of age discrimination under state and city law); *Carter*, 2015 WL 247344, at *6 (finding that comment from plaintiff's supervisor that she "wanted new blood on the new retention team" did not reflect discriminatory animus under the NYCHRL as it "would be rank speculation to infer that the comment had anything to do with Plaintiff's age").

Again, Plaintiff is left only with the allegations that she was the oldest person on her team and allegedly replaced by two "substantially younger and less qualified individuals". These conclusory assertions are factually insufficient to support a claim even under the NYCHRL. *See Spires*, 2019 WL 4464393, at *7 (allegations that plaintiff was the oldest staff member in the department and the position was given to a "substantially younger" and "less experienced" employee are insufficient to state a claim even under the morel liberal standard of the NYCHRL); *Williams*, 2017 WL 1162908, at *8 (conclusory allegation that plaintiff was "replaced by someone under the age of 40" without more is insufficient for a claim of age discrimination under the NYSHRL and NYCHRL at the motion to dismiss stage).

Therefore, Plaintiff's NYCHRL claim must be dismissed with prejudice to the extent it is based on age discrimination.

**POINT II**
**THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS**

Plaintiff's counsel has asserted that Plaintiff intends to amend her Complaint to add claims under the Americans with Disabilities Act once she has received a Notice of Right to Sue. (ECF No. 17). The Equal Employment Opportunities Commission issued Plaintiff a Notice of Right to

Sue on November 28, 2023. (Decl. of Caroline F. Secola, Ex. A); *see also Luangpakdy v. Altra Indus. Motion Corp.*, 18-CV-843JLS(F), 2021 WL 6424639, at *3 (W.D.N.Y. Oct. 29, 2021) (noting that the Notice of Right to Sue is a public record of which the court can take judicial notice on a motion to dismiss). To date, Plaintiff has not amended her Complaint. Should Plaintiff fail to amend her Complaint within the required statutory period, VNS Health would ask the Court to decline to exercise supplemental jurisdiction over the remaining state law claims in the Complaint, as granting this Partial Motion to Dismiss would result in no basis for federal court jurisdiction. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For all of the foregoing reasons, VNS Health respectfully requests that this Court grant its partial motion to dismiss the Complaint's age discrimination claims against VNS Health in their entirety, with prejudice.

Dated: Darien, Connecticut
       January 24, 2024

Respectfully submitted,

Florentino & Grimshaw LLC

By: /s/ Kristina Grimshaw

Kristina Grimshaw
Caroline Secola
800 Westchester Ave
Suite N-641
Rye Brook, NY 10573

Attorneys for Defendant Visiting Nurse Service of New York Home Care d/b/a VNS Health Home Care